Monell, J.
The evidence offered by the defendants to prove the nature and extent of the damage to.their property was erroneously excluded. It was the precise evidence needed to establish their counter-claim. This case was sent back for a new trial on a former appeal, because of the exclusion of similar evidence, and the case is therefore res judicata on that question.
But the verdict is not only against the evidence, but directly against the charge of the learned justice before whom the case was tried.
The counter-claim was proved, without contradiction, and I think the justice should have directed the jury to assess the defendants'7 damages, rather than leave any discretion with them on the subject. He, however, told them that as to the question of damages the testimony fixed it beyond peradventure. Tet the jury rejected the counter-claim, and gave the plaintiff a verdict for the amount claimed^
For this reason, if for no other, the judgment and order should be reversed, and a new trial ordered, with costs to the appellants on this appeal to abide the event.
*671 Garvin, J.
(after stating the facts as above.) The counterclaim was proved, and without any contradictory evidence was submitted to the jury under an appropriate charge by the court. The parties, by their pleadings, had made the counterclaim a material issue. Without this peculiar answer and issue taken thereon by the plaintiff, it may be very doubtful whether the defendants could have availed themselves of such a defense in this action; and just as doubtful whether the plaintiff could have maintained an action against any of the defendants except Matthew O’Farrell; but upon the issues as framed, and the evidence before the jury without objection and uncontradicted, and without any requests or suggestions to the court to charge the jury from the counsel on either side, we must hold the charge of the court was not in any sense erroneous. The court charged that the testimony as to the question of damages fixed it beyond peradventure. The verdict is directly against the charge of the court, and for this reason there should be a new trial, with costs to abide the event.
Barbour, J. concurred.
New trial granted.